IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELIDA GUERRERO, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB-23-1415 |
| RICHARD GEORGE MURRAY and OLLIE'S BARGAIN OUTLET, INC., | * | |
| | * | |
| *Defendants.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**<u>MEMORANDUM OPINION</u>**

This case arises out of an incident that occurred on June 6, 2020 while the Plaintiff Melida Guerrero ("Plaintiff") and her brother Alexis Guerrero[1] were shopping at the Ollie's Bargain Outlet, Inc. ("Ollie's Bargain Outlet") store in Salisbury, Maryland. During their shopping visit, Melida Guerrero and Alexis Guerrero were threatened by Richard George Murray ("Murray"), a then-employee of Ollie's Bargain Outlet.

On May 26, 2023, Plaintiff filed the instant lawsuit against Defendants Murray and Ollie's Bargain Outlet (collectively, "Defendants"). (ECF No. 1.) Plaintiff alleges one count of negligence against Murray ("Count I"), (*id.* ¶¶ 33–37); and three counts against Ollie's Bargain Outlet—one count of respondeat superior ("Count II"), (*id.* ¶¶ 38–39); one count of negligent entrustment ("Count III"), (*id.* ¶¶ 40–49); and one count of negligent hiring, retention, and supervision ("Count IV"), (*id.* ¶¶ 50–57).

---

[1] As discussed below in footnote 2, Plaintiff's brother is also pursuing a claim against Ollie's Bargain Outlet through separate litigation.

Service was effectuated on both Defendants on June 2, 2023, as such, responses were due on June 23, 2023.  (ECF Nos. 3, 4.)  As of the date of this filing, Murray has failed to respond to the Complaint.  Bargain Outlet filed a Motion to Dismiss (ECF No. 6).  Plaintiff responded in opposition (ECF No. 9), and Ollie's replied (ECF No. 10).  The parties' submissions have been reviewed, and no hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the following reasons, Ollie's Bargain Outlet's Motion to Dismiss (ECF No. 6) is GRANTED IN PART and DENIED IN PART.  Specifically, Ollie's Bargain Outlet's Motion to Dismiss (ECF No. 6) is GRANTED with respect to Counts II and III, which are DISMISSED WITH PREJUDICE.  Ollie's Bargain Outlet's Motion to Dismiss (ECF No. 6) is DENIED with respect to Count IV.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).  Except where otherwise indicated, the following facts are derived from Plaintiffs' Complaint (ECF No. 1), and accepted as true for the purpose of Ollie's Bargain Outlet's Motion to Dismiss (ECF No. 6).

During the afternoon of June 6, 2020, Plaintiff Melida Guerrero and her brother, Alexis Guerrero,[2] shopped at the Ollie's Bargain Outlet located at 258 Tilghman Road in

---

[2] Alexis Guerrero initiated a lawsuit against Ollie's Bargain Outlet in this Court on August 4, 2021, asserting a federal claim pursuant to 42 U.S.C. § 1981 and two state law claims for negligent supervision and retention. *See Guerrero v. Ollie's Bargain Outlet, Inc.*, No. RDB-21-1960 (D. Md. Aug. 1, 2021), ECF No. 1.  The Complaint invoked this Court's federal question jurisdiction. *Id.*  The undersigned Judge dismissed the § 1981 claim with prejudice and declined to exercise supplemental jurisdiction over the remaining state law claims. *Guerrero v. Ollie's Bargain Outlet, Inc.*, No. RDB-21-1960 (D. Md. Apr. 1, 2022), ECF Nos. 11, 13.  Alexis Guerrero appealed

Salisbury, Maryland.  (ECF No. 1 ¶ 8.)  Plaintiff alleges that while they shopped, Murray, an

employee of Ollie's Bargain Outlet,[3] "pulled out a large knife with a seven-inch blade and

started jabbing it in the direction of Plaintiff and [her brother]," while yelling racial slurs and

xenophobic statements and threatening: "I have guns! I will stab you!" (*Id.* ¶¶ 15–19.)  As the

incident was ongoing, Alexis Guerrero approached a store cashier to report that Murray had

threatened him outside and was wielding a large knife.  (*Id.* ¶ 23.)  The cashier responded "I

know exactly who you're talking about, he is not supposed to have that knife." (*Id.*)  Another

Ollie's Bargain Outlet employee indicated that Murray "had brought the knife to the store

before and [] had been advised not to bring it again." (*Id.* ¶ 28.)  Murray was subsequently

charged with several criminal counts arising out of the incident, and ultimately pled guilty to

second degree assault. *See State of Maryland v. Richard George Murray*, No. D-023-CR-20-001106.

On May 26, 2023, Plaintiff filed the instant lawsuit against Defendants Murray and

Ollie's Bargain Outlet, invoking this Court's diversity jurisdiction.  (ECF No. 1.)  Count I

alleges one count of negligence against Murray, (*id.* ¶¶ 33–37); Count II alleges one count of

of respondeat superior against Ollie's Bargain Outlet, (*id.* ¶¶ 38–39); Count III alleges one

count of negligent entrustment against Ollie's Bargain Outlet, (*id.* ¶¶ 40–49); and Count IV

---

this Court's dismissal to the United States Court of Appeals for the Fourth Circuit, *Guerrero v. Ollie's Bargain Outlet, Inc.*, No. 22-1402 (4th Cir. filed Apr. 11, 2022), which remains pending, and also filed a new case reasserting his state law claims in Maryland state court.  Ollie's Bargain Outlet removed the new case to this Court, which was assigned to Judge Gallagher. *Guerrero v. Ollie's Bargain Outlet, Inc.*, No. SAG-22-2063 (D. Md. Aug. 16, 2022), ECF No. 1.  Ollie's Bargain Outlet moved to dismiss Alexis Guerrero's complaint, which alleged one count of negligent supervision and one count of negligent retention. *Guerrero v. Ollie's Bargain Outlet, Inc.*, No. SAG-22-2063 (D. Md. Aug. 23, 2022), ECF No. 11.  Judge Gallagher denied the motion to dismiss and consolidated the two claims into a single claim of negligent retention and supervision, as the elements of the two claims are identical, but stayed the case pending resolution of the pending appeal in *Guerrero v. Ollie's Bargain Outlet, Inc.*, No. 22-1402. *Guerrero v. Ollie's Bargain Outlet, Inc.*, No. SAG-22-2063 (D. Md. Sept. 28, 2022), ECF Nos. 17, 18.  These cases will be consolidated by separate Order.

[3]  Ollie's Bargain Outlet indicates that it no longer employs Murray.  (ECF No. 6-1 at 1.)

alleges one count of negligent hiring, retention, and supervision against Ollie's Bargain Outlet, (*id.* ¶¶ 50–57).  Ollie's Bargain Outlet has moved to dismiss the three counts asserted against it.  (ECF No. 6).

## STANDARD OF REVIEW

### I.      Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P 8(a)(2).  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotations omitted).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to

plead a claim.  *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## II.      Applicable Law

All of Plaintiff's claims are state law tort claims, over which this Court has diversity jurisdiction.  28 U.S.C. § 1332.  "When choosing the applicable state substantive law while exercising diversity or supplemental jurisdiction, a federal district court applies the choice of law rules of the forum state."  *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011); *see Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007); *Baker v. Antwerpen Motorcars, Ltd.*, 807 F. Supp. 2d 386, 389 n.13 (D. Md. 2011).  Maryland is the forum state.

In tort actions, Maryland adheres to the rule of *lex loci delicti*, meaning it applies the substantive law of the state where the wrong occurred.  *Ben-Joseph v. Mt. Airy Auto Transporters*, LLC, 529 F. Supp. 2d 604, 606 (D. Md. 2008) (citing *Erie Ins. Exch. v. Heffernan*, 925 A.2d 636, 648–49 (Md. 2007); *Lab. Corp. of Am. v. Hood*, 911 A.2d 841, 844 (Md. 2006); *Philip Morris v. Angeletti*, 752 A.2d 200, 230 (Md. 2000)).  It is undisputed that any asserted wrongs occurred in Maryland.  Accordingly, this Court shall apply Maryland law to Plaintiff's state law tort claims.

## ANALYSIS

Through her four-count Complaint, Plaintiff asserts three claims against Ollie's Bargain Outlet: one count of respondeat superior, (ECF No. 1 ¶¶ 38–39); one count of negligent entrustment, (*id.* ¶¶ 40–49); and one count of negligent hiring, retention, and supervision, (*id.* ¶¶ 50–57).  Through its Motion to Dismiss, Ollie's Bargain Outlet moves to dismiss these

three claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 6).  The viability

of each of the three claims is discussed in turn below.

### I.        Respondeat Superior

"Under Maryland law, the doctrine of respondeat superior provides for three theories

of employer liability for an employee's torts."  *Lee v. Pfeifer*, 916 F. Supp. 501, 507 (D. Md.

1996).  "'[A] master is liable for the acts which his servant does with the actual or apparent

authority of the master, or which the servant does within the scope of his employment, or

which the master ratifies with the knowledge of all material facts.'"  *Id.* (quoting *Globe Indem.*

*Co. v. Victill Corp.*, 119 A.2d 423, 427 (Md. 1956)).  The instant Complaint alleges liability

against Ollie's Bargain Outlet under the "scope of employment" theory.  (ECF No. 1 ¶ 39.)

Ollie's Bargain Outlet asserts that Plaintiff's respondeat superior claim should be dismissed

because Murray's alleged wrongful conduct was not within the scope of his employment at

Ollie's Bargain Outlet.  (ECF Nos. 6-1 at 4–6, 10 at 3–6.)  Plaintiff contends that this is a

question for the factfinder and the Complaint sufficiently pleads specific and sufficient facts

to support her claim for respondeat superior.  (ECF No. 9-1 at 4–7.)

"Although 'there are few, if any, absolutes' involved in determining whether an

employee's acts occurred within the 'scope of employment,' the general test in Maryland is

that the acts must have been authorized and in furtherance of the employer's business."

*Williams v. Cloverland Farms Dairy, Inc.*, 78 F. Supp. 2d 479, 483 (D. Md. 1999) (quoting *Sawyer*

*v. Humphries*, 587 A.2d 467, 470 (Md. 1991)).  In *Sawyer*, the Supreme Court of Maryland[4]

---

[4] At the time of *Sawyer*, the Supreme Court of Maryland was named the "Court of Appeals of Maryland."  At the November 8, 2022 general election, voters in Maryland ratified a constitutional amendment changing the name of the "Court of Appeals of Maryland" to the "Supreme Court of Maryland."  The name change took effect on December 14, 2022.

explained that: "The simple test is whether they were acts within the scope of his employment; not whether they were done while prosecuting the master's business, but whether they were done by the servant in furtherance thereof, and were such as may fairly be said to have been authorized by him." 587 A.2d at 470 (internal quotation marks and citation omitted). Various factors come into play when making this inquiry, including: "(1) whether the conduct is the kind the [employee] is employed to perform; (2) whether it occurred during a period not unreasonably disconnected from the authorized period of employment; (3) whether it occurred in the vicinity of the authorized area of employment; and (4) whether it was actuated, at least in part, by a purpose to serve the employer." *Williams*, 78 F. Supp. 2d at 483 (citing *Sawyer*, 587 A.2d at 471).

In the case of intentional torts, the employee will be found to have been acting beyond the scope of employment where the acts were personal and departed from the purpose of promoting the employer's interests. *Id.* This is particularly true where the employee's conduct was "unprovoked, highly unusual, and quite outrageous." *Id.*; *see also Lins v. United States*, 847 F. App'x 159, 167 (4th Cir. 2021) (citing *Sawyer*, 587 A.2d at 471). "This test must be applied on a case-by-case basis, and whether an employee acted within the scope of her employment is typically a question of fact for the jury. However, in appropriate cases . . . a court can determine as a matter of law whether an employee acted within the scope of her employment." *Lins*, 847 F. App'x at 167 (internal citations omitted).

In light of these principles, it is obvious that Murray's alleged conduct was outside of the scope of his employment. As noted, Maryland law requires that in order for an employee to be acting within the scope of her employment, his actions must be "authorized" by the

employer.  *Id.*  While the *Sawyer* court clarified that an employee's actions may be authorized even when in opposition to the express orders of the employer, such actions still must be "incident to the performance of the duties entrusted to him by the master."  587 A.2d at 470 (internal quotation marks and citations omitted).  That is not the case here, where Plaintiff alleges that Murray used a knife to threaten and yelled vulgar slurs at Plaintiff and her brother as they shopped at Ollie's Bargain Outlet.  While the incident occurred at Murray's place of employment and, presumably, while Murray was on the job, Plaintiff does not allege that Ollie's Bargain Outlet authorized or condoned Murray's conduct, nor does Plaintiff allege that Murray's conduct was in any way connected to his job responsibilities or performed in furtherance of Ollie's Bargain Outlet's interests.  As such, Plaintiff's claim for respondeat superior fails as a matter of law.  Count II is DISMISSED WITH PREJUDICE.

## II.    Negligent Entrustment

Maryland has adopted the doctrine of negligent entrustment as enunciated in the Restatement (Second) of Torts:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Curley v. Gen. Valet Serv., Inc.*, 311 A.2d 231, 235 (Md. 1973) (quoting RESTATEMENT (SECOND) OF TORTS § 390 (AM. LAW INST. 1965)); *see also Schramm v. Foster*, 341 F. Supp. 2d 536, 546–47 (D. Md. 2004) ("Under Maryland law, negligent entrustment is defined as: '(1) The making available to another a chattel which the supplier (2) knows or should have known the user is likely to use in a manner involving risk of physical harm to others (3) the supplier should

expect to be endangered by its use." (quoting *McGuiness v. Brink's Inc.*, 60 F. Supp. 2d 496, 500 (D. Md. 1999))).  Liability attaches in such situations because the negligence in entrusting the chattel "operates as a concurrent cause with the negligence of the entrustee."  *Kahlenberg v. Goldstein*, 431 A.2d 76, 83 (Md. 1981).

Plaintiff fails to establish a claim for negligent entrustment because Ollie's Bargain Outlet did not supply Murray with a chattel.  In order to be considered a "supplier" of chattel, one must have the right to control the chattel.  *Broadwater v. Dorsey*, 688 A.2d 436, 439 (Md. 1997).  Plaintiff's Complaint makes no suggestion that Ollie's Bargain Outlet had such a right, thus Ollie's Bargain Outlet was not a "supplier" of chattel subject to liability for negligent entrustment.  Accordingly, Count III is DISMISSED WITH PREJUDICE.

### III.   Negligent Hiring, Retention, and Supervision

Under Maryland law, in order to prove a cause of action for either negligent hiring, supervision or retention, Plaintiff must establish that his injury was caused by the tortious conduct of an employee, that the employer knew or should have known by the exercise of diligence and reasonable care that the employee was capable of inflicting harm of some type, that the employer failed to use proper care in selecting, supervising or retaining that employee, and that the employer's breach of its duty was the proximate cause of the Plaintiff's injuries. *Jordan v. W. Distrib. Co.*, 135 F. App'x 582, 589 (4th Cir. 2005) (quoting *Bryant v. Better Bus. Bureau of Greater Md.*, 923 F. Supp. 720, 751 (D. Md. 1996)).  In a negligent selection claim, "there is a rebuttable presumption that an employer uses due care in hiring an employee." *Evans v. Morsell*, 395 A.2d 480, 483 (Md. 1978).  In cases involving the intentional torts of

employees, the critical standard is "whether the employer knew or should have known that the individual was potentially dangerous." *Id.*

This Court finds that Plaintiff has stated a plausible claim in Count IV.  As Judge Gallagher noted in the related cause brought by Plaintiff's brother, the fact that two Ollie's Bargain Outlet employees knew that Murray had brought the knife to work before and was not supposed to have it "suggests that Ollies' [Bargain Outlet] had actual or constructive knowledge that its workplace was unsafe when Murray possessed the knife." *Guerrero v. Ollie's Bargain Outlet, Inc.*, No. SAG-22-2063, 2022 U.S. Dist. LEXIS 177413, at *5–6 (D. Md. Sep. 28, 2022) (citing *Jordan*, 135 F. App'x at 589)).  Accordingly, Ollie's Bargain Outlet's Motion to Dismiss (ECF No. 6) is DENIED with respect to Count IV.

## CONCLUSION

For the reasons stated above, it is this 11th day of March, 2024, HEREBY ORDERED that Ollie's Bargain Outlet's Motion to Dismiss (ECF No. 6) is GRANTED IN PART and DENIED IN PART.  Specifically, Ollie's Bargain Outlet's Motion to Dismiss (ECF No. 6) is GRANTED with respect to Counts II and III, which are DISMISSED WITH PREJUDICE. Ollie's Bargain Outlet's Motion to Dismiss (ECF No. 6) is DENIED with respect to Count IV.

A separate Order follows.

Date: March 11, 2024                                      /s/
                                                         Richard D. Bennett
                                                         United States Senior District Judge